UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT JAMES SWINT,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS, INC.,<br><br>Defendant. | Case No. 2:26-cv-00403-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Pending before the Court is Plaintiff Robert Swint's Complaint. Dkt. 1. Title 28 U.S.C. § 1915(e)(2)(B) permits the Court to screen and summarily dismiss non-prisoner pauper claims that are frivolous or malicious, that fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

There are several deficiencies that show dismissal of this case is warranted.

**Financial Responsibility**. Plaintiff has filed a prisoner civil rights complaint without paying the filing fee or filing a request for in forma pauperis status. No litigant can proceed without taking one of these actions to assume financial responsibility for the filing of a federal district court case.

**Standing and Failure to State a Claim.** Plaintiff states that he is filing suit on behalf of Walmart Industries. He does not show that he is a proper representative of Walmart, nor does he show that he is a licensed attorney. Although Plaintiff alleges that American Express has harmed many people, he does not specifically state any cause of action, any particular dates such harm occurred, or any facts whatsoever. He has failed to show he has standing to sue on behalf of Walmart and he has failed to state a claim upon which relief can be granted.

**Personal Jurisdiction**. Second, a federal court must satisfy itself that it has authority to exercise personal jurisdiction over the defendant. Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To avoid dismissal, Plaintiff must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir.1987). Personal jurisdiction over a nonresident defendant exists if: (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Data Disc, Inc. v. Systems Technology Assoc., Inc*., 557 F.2d 1280, 1287 (9th Cir. 1977).

Plaintiff resides in Oregon. It is unclear where American Express is based. No facts support a conclusion that the Court has personal jurisdiction over the parties.

**Venue**. Third, venue must also be proper. Legal actions may be brought only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

No facts support a conclusion that venue in Idaho is appropriate.

**ORDER**

Accordingly, for all of the foregoing reasons, **IT IS ORDERED** that Plaintiff's Complaint is DISMISSED without prejudice. If he desires to bring a proper complaint stating sufficient facts to support a federal cause of action in a court with proper jurisdiction and venue, he may do so.

DATED: November 17, 2026

David C. Nye
U.S. District Court Judge